IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES O REAGAN, JR. and DEBORAH REAGAN,

    Plaintiffs,

  v.

AMERICAN HOME MORTGAGE SERVICING INC.,

    Defendant.

No. C 11-00704 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO STRIKE AND FOR A MORE DEFINITE STATEMENT AND VACATING HEARING**

## INTRODUCTION

In this fair credit reporting case, the complaint states a claim under the state credit reporting act but not the federal act. Accordingly, the defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. In addition, defendant's motion to strike punitive damages and its motion for a more definite statement are **DENIED**.

## STATEMENT

In 2005, James O. Reagan, Jr. and Deborah Reagan contracted to mortgage their house with defendant American Home Mortgage Servicing, Inc. AHMSI is one of the country's largest servicers of Alt-A and subprime loans. By 2010, the value of plaintiffs' house had decreased to less than their mortgage-loan balance. To avoid foreclosure, the parties agreed to a short sale. Plaintiffs allege that the short sale, finalized on May 28, 2010, was in "full

satisfaction of the mortgage loan" (Compl. ¶ 9). Plaintiffs also contend that around three days later, AHMSI "reported to Experian, Equifax, and Trans Union," that plaintiffs were 30 days past due on their payments and that they still owed a balance on their mortgage (Compl. ¶ 12).

The complaint states that plaintiffs were adversely affected as a result of the inaccurate reporting to these agencies. Plaintiffs allege that on June 1, the financing of their prospective home in Georgia fell through. Instead of moving to Georgia, plaintiffs unpacked their U-Haul and rented a house in California.

The complaint further states, also in June 2010, that plaintiffs contacted AHMSI to explain that the credit report was inaccurate (Compl. ¶ 16). Plaintiffs next allege that AHMSI sent them a letter in July notifying them that AHMSI had furnished credit reporting bureaus with the following information: "June 2010–Account paid in full for less than full balance due" (Compl. ¶ 17). On January 17, plaintiffs allegedly notified Experian, Equifax, and Trans Union directly that their credit report was inaccurate: that the house was not foreclosed upon, that no balance was due, and that there were no late payments (Compl. ¶ 19). AHMSI responded to credit verification letters from these credit reporting bureaus. Plaintiffs contend that as a result of inaccurate responses, Experian, Equifax, and Trans Union continue to report that the mortgage loan had been "30 days late" (Compl. ¶ 22).

**ANALYSIS**

The complaint sets forth two claims: (1) violation of Section 1681s-2(b) of the federal Fair Credit Reporting Act, and (2) violation of Section 1785.25(a) of the California Consumer Credit Reporting Agencies Act.

**1. STANDARD OF REVIEW.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

2

1  at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory
2  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for
3  failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)
4  (citation omitted).

### 2. FEDERAL FAIR CREDIT REPORTING ACT

Defendant argues that the complaint fails to state any actionable injury under the federal Fair Credit Reporting Act. Section 1681s-2 sets forth the duties that lenders, like AHMSI, have to furnish information to agencies, like Experian, Equifax, and Trans Union. The Act provides consumers with a private right of action against these "furnishers" of information. 15 U.S.C. 1681(n) and 1681(o). This federal right of action is only "triggered," however, when a furnisher receives notice from an agency that a consumer disputes the information. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Neither a false report itself nor a consumer's direct complaint to a furnisher triggers a right of action. *Ibid*. Once a furnisher receives notification of disputed information from an agency, the furnisher must: (1) conduct an investigation, (2) review all relevant information, (3) report the results of its investigation to the notifying agency, (4) report any incomplete or inaccurate information to all agencies to which the furnisher reported, and (5) modify, delete or block incomplete or inaccurate information. 15 U.S.C. 1681s-2(b)(1)(A–E).

In order to recoup damages under Section 1681s-2(b), three events must happen: *first*, an agency must notify the furnisher about disputed information; *second*, the furnisher must fail to perform its statutory duties; *third*, the plaintiff must be injured as a result of that failure. 15 U.S.C. 1681s-2(b), 1681(n), and 1681(o).

In the instant action, plaintiffs satisfy the first element of the claim. They allege that in January 2011, Experian, Equifax, and Trans Union sent AHMSI notification of a disputed credit report (Compl. ¶¶ 19–20).

The complaint is devoid of factual allegations to satisfy the second element of the claim, however. Plaintiffs complain that AHMSI did not "conduct an appropriate investigation . . . review all relevant information . . . report the results to the credit reporting agencies . . . [and]

3

modify, delete or permanently block the reporting of the inaccurate information concerning plaintiffs' mortgage loan" (Compl. ¶ 30). These allegations are a recitation of Section 1681s-2(b)(1)(A–E), however, and as such are legal conclusions "couched in a factual allegation." *Iqbal*, 129 S.Ct. at 1950.

Yet, most importantly, the complaint does not contain any factual allegations of injury *as a result of* the alleged federal violation. The only injuries identified in the complaint occurred *before* the agencies notified AHMSI of disputed information and *before* AHMSI failed to perform the statutory duties that the notification triggered. The only injuries alleged are plaintiffs' inability to finance the Georgia house, expenses incurred as a result of renting a U-Haul, and being forced to rent a home in California. These all occurred in June 2010. The alleged breach by AHMSI occurred in January 2011. Thus, the latter cannot have *caused* the former — the former being the only injuries supported by factual allegations in the complaint. Although the complaint asserts that emotional distress and incidental and consequential damages occurred after January 2011 — when AHMSI supposedly breached its statutory duties — such supposed injury is only supported by conclusory allegations, and thus does not save the claim.

For these reasons, the complaint does not state a complaint for relief under the federal Fair Credit Reporting Act, and defendant's motion to dismiss the first claim is **GRANTED**. Accordingly, defendant's motion to strike plaintiffs' request for punitive damages in conjunction with this claim is **DENIED AS MOOT**.

    **3.**    **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

Contrary to plaintiffs' first claim, the complaint includes enough factual allegations to state a claim for violation of the California Consumer Credit Reporting Agencies Act. Section 1785.25(a) of the California Civil Code states that "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Unlike the federal Act, the state Act does not require that an agency notify the furnisher about disputed reports before a consumer gains a private right of action. Rather, a plaintiff must show that the

party reporting credit information knew or should have known that the information given to the agency was incomplete or inaccurate, and the plaintiff must be harmed as a result of that inaccurate report.

Plaintiffs claim that AHMSI inaccurately reported on or about May 31, 2010, that plaintiffs were 30 days late on their mortgage payment, that $3,607 was past due, and that there was an outstanding balance on that account of $240,863 (Compl. ¶ 12). The next day, as a result of the adverse credit report, plaintiffs claim that their financing for a house in Georgia fell through. The alleged false report torpedoed plaintiffs' entire move. They unpacked their rented U-Haul and "scramble[d]" to find and rent a home in California "at great expense" (Compl. ¶ 15). Thus, plaintiffs have put forth factual allegations to satisfy elements of a claim under the California Act.

Defendant argues that plaintiffs fail to specify which of AHMSI's actions violated the state Act and how that conduct constituted a violation. In their complaint, plaintiffs assert with specificity that the May 31 report was inaccurate. Furnishing an inaccurate credit report is not necessarily a violation of Section 1785.25(a) — Section 1785.25(g) affords a safe harbor for furnishers with reasonable reporting procedures. Knowingly or negligently furnishing an inaccurate report, however, *is* a violation. Plaintiffs assert that since both parties agreed to a short sale that was in full satisfaction of the mortgage loan (Compl. ¶ 9), defendant knew or should have known that plaintiffs did not owe any further balance after the close of the short sale on May 28 (Compl. ¶ 36).

Defendant also moves to strike plaintiffs' request for punitive damages. A court may grant a motion to strike matter that is "immaterial." FRCP 12(f). A prayer for relief that is not recoverable as a matter of law is immaterial. Under state law, punitive damages may be awarded where there is clear and convincing evidence that the defendant acted with "malice." CAL. CIV. CODE § 3294(a). "Malice" means "despicable conduct . . . with a willful and conscious disregard for the rights . . . of others." *Id*. § 3294(c). Plaintiffs allege that defendant acted "negligently and willfully" by sending inaccurate credit reports to three agencies. If AHMSI was aware that the report was false, as the complaint alleges (Compl. ¶ 36), but

proceeded to send the inaccurate statements regardless, a jury might find that AHMSI acted with willful intent. Therefore, defendant's motion to strike plaintiffs' punitive damages claim is **DENIED**.

Although defendant's motion is captioned in the alternative as a motion for a more definite statement, defendant does not analyze FRCP 12(e) in a separate challenge to the complaint. Moreover, the complaint is not so "vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e). So, the motion for a more definite statement is **DENIED**.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motions to strike and for a more definite statement are **DENIED**. The hearing scheduled for June 9 is **VACATED**. Plaintiffs' federal claim is dismissed and only the state claim remains. Plaintiffs may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. In addition, the motion and proposed amended complaint should address whether and pursuant to what authority this court maintains jurisdiction over this action. If plaintiffs do not seek leave to file an amended complaint by the deadline, the parties will have **SEVEN CALENDAR DAYS** thereafter, *i.e.*, **21 CALENDAR DAYS** from the date of this order, to show cause why this case should not be dismissed for lack of subject matter jurisdiction, now that only a state-law claim remains.

**IT IS SO ORDERED.**

Dated: May 31, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6